## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ALBERT GRAYER (# 389690)**             **CIVIL ACTION NO.**

**VERSUS**             **19-279-BAJ-EWD**

**NICHOLAS SANDERS**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 23, 2020.

                       *[signature]*

                       **ERIN WILDER-DOOMES**
                       **UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ALBERT GRAYER (# 389690)**                    **CIVIL ACTION NO.**

**VERSUS**                                       **19-279-BAJ-EWD**

**NICHOLAS SANDERS**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Albert Grayer ("Plaintiff"). Pursuant to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, it is recommended that Plaintiff's claims against Nicholas Sanders ("Defendant") for monetary damages in Defendant's official capacity and claims based upon the allegation that Defendant did not follow prison policies and procedures be dismissed, and that the case be referred back to the undersigned regarding Plaintiff's remaining claims for excessive force and deliberate indifference.

### I.    Background

Taking the well-pleaded allegations of the Complaint as true, on June 11, 2018, after a disagreement with an orderly and security officer regarding Plaintiff's food, Plaintiff threw his food tray against the wall.[1] Security was alerted, and Defendant responded to the call.[2] Defendant inquired regarding what had transpired and informed Plaintiff that anytime Plaintiff threw something, he would be placed in four-point restraints.[3] Plaintiff told Defendant that Plaintiff suffers from epilepsy, such that placing Plaintiff in four-point restraints, without continuous observation, would place him at serious risk of harm.[4] Defendant ignored Plaintiff's concerns and

---

[1] R. Doc. 1, p. 5.
[2] R. Doc. 1, pp. 5-6.
[3] R. Doc. 1, p. 6.
[4] R. Doc. 1, p. 6.

placed Plaintiff in four-point restraints.[5] Department procedures were not followed while Plaintiff was in four-point restraints.[6] Additionally, while in four-point restraints, he informed security that he needed to use the restroom and get water on several occasions.[7] Security responded that "Rank would be notified," but "Rank" never came, so Plaintiff was forced to urinate and defecate on himself and lie in his on waste.[8]

Plaintiff was removed from four-point restraints the following day, June 12, 2018.[9] He was taken to shower, and Plaintiff proceeded to throw human waste on another inmate.[10] Defendant ordered that Plaintiff be placed back in four-point restraints again.[11] He was released from four-point restraints later that day.[12] Plaintiff requests declaratory, injunctive, and monetary relief.[13]

## II. Law & Analysis

### A. Standard of Review

Pursuant to 28 U.S.C. § 1915(e) this Court is authorized to dismiss an action that is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief if the plaintiff has been granted permission to proceed without prepaying the filing fee ("*in forma pauperis*"). Under 28 U.S.C. § 1915A this Court may dismiss any claim by a prisoner against a governmental entity or officer or employee of a governmental entity on the same bases regardless of whether the prisoner has been

---

[5] R. Doc. 1, p. 6.
[6] R. Doc. 1, p. 6.
[7] R. Doc. 1, p. 6.
[8] R. Doc. 1, p. 6.
[9] R. Doc. 1, p. 6.
[10] R. Doc, 1 p. 6.
[11] R. Doc. 1, p. 6.
[12] R. Doc. 1, p. 6.
[13] R. Doc. 1, pp. 6-7.

granted permission to proceed without prepaying the filing fee.[14]  Both statutes are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[15]  A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[16]  The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[17]  Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[18]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[19]  Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party.[20]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[21]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22]

A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the

---

[14] Plaintiff was granted permission to proceed *in forma pauperis* on May 28, 2019.  (R. Doc. 7).
[15] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[16] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[17] *Denton,* 504 U.S. at 32.
[18] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[19] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[20] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[22] *Id.*

action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[23]

### B. Plaintiff Cannot State a Claims for Monetary Damages against Sanders in his Official Capacity

Plaintiff's claims for monetary damages against Defendant in his official capacity are subject to dismissal.[24] 42 U.S.C. § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.[25] In addition, in *Hafer v. Melo*,[26] the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is, therefore, barred by the Eleventh Amendment.[27] Accordingly, Plaintiff's § 1983 claims asserted against Defendant in his official capacity for monetary damages are subject to dismissal.

### C. Violation of Department Regulations Does Not State a Constitutional Claim

Plaintiff complains that Defendant, as well as others not named, failed to follow the proper procedures while Plaintiff was in four-point restraints. However, the failure of prison officials to follow prison rules or regulations does not amount to a violation of Plaintiff's constitutional rights.[28] Accordingly, Plaintiff has failed to state a claim in this regard.

---

[23] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[24] Plaintiff does not specify whether he seeks monetary damages against Defendant in his official or individual capacity or both. R. Doc. 1, p. 7.
[25] *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).
[26] 502 U.S. 21 (1991).
[27] *Id*. at 25.
[28] *Ellis v. Garcia*, 159 F.3d 1357 (5th Cir. 1998), *citing Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

### D. Plaintiff Has Stated Sufficient Facts to Allege an Excessive Force Claim against Defendant

Force is considered excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.[29] "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."[30] The Eighth Amendment's prohibition against cruel and unusual punishment, however, necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind."[31] Factors to be considered in determining whether an alleged use of force was excessive include the extent of injury sustained, if any; the need for the application of force; the relationship between the need for force and the amount of force utilized; the threat reasonably perceived by prison officials; and any efforts made to temper the severity of a forceful response.[32]

Because Plaintiff's Complaint indicates force may have been used as a punitive measure, his claim should survive screening.[33] When restraints are used for punishment, rather than as a rational security measure, the use of restraints may constitute cruel and unusual punishment.[34]

---

[29] *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian,* 503 U.S. 1, 7 (1992).
[30] *Wilkins*, 559 U.S. at 38.
[31] *Hudson*, 503 U.S. at 10.
[32] *Id.* at 7.
[33] While it is clear from the face of the Complaint that Defendant was responding to behavior by Plaintiff in both instances where four-point restraints were used, it is not clear the threat perceived by Plaintiff's behavior or the relationship between the need for force and the amount of force utilized.
[34] *See Jackson v. Cain*, 864 F.2d 1235, 1243 (5th Cir. 1989) *citing Fulford v. King*, 692 F.2d 11, 14-15 (5th Cir. 1982) ("the use of handcuffs or other restraining devices constitute[s] a rational security measure and cannot be considered cruel and unusual punishment unless great discomfort is occasioned deliberately as punishment or mindlessly, with indifference to the prisoner's humanity."). The facts alleged in this case indicate the use of four-point restraints may have constituted cruel and unusual punishment. Specifically, Plaintiff alleges that Sanders made statements to him such as "[y]ou can stay on 4-pt for the rest of your life I wouldn't give a f**k but every time you throw something this will be the end result." R. Doc. 1, p. 6. Plaintiff also alleges that the four-point restraints caused "Plaintiff pain…." R. Doc. 1, p. 7. Thus, Plaintiff has alleged sufficient facts to state an excessive force claim at this stage of the proceedings.

Accordingly, reading the Complaint in the light most favorable to Plaintiff, he has stated sufficient facts to allege a claim of excessive force.

### E. Plaintiff has Stated a Claim for Deliberate Medical Indifference against Defendant

Plaintiff also alleges he was subjected to deliberate indifference. It is unclear whether Plaintiff is alluding to deliberate indifference for placing Plaintiff in four-point restraints based upon Plaintiff's contention that he has epilepsy or for allegedly leaving Plaintiff in those restraints without allowing him to use the restroom, so both situations are discussed. Plaintiff allegedly warned Defendant that he suffers from epilepsy, such that placing Plaintiff in four-point restraints without constant supervision could be dangerous. This sounds in deliberate indifference to Plaintiff's serious medical needs.

In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must demonstrate that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs."[35] Whether the plaintiff has received the treatment or accommodation that he believes he should have is also not sufficient absent exceptional circumstances.[36] Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action.[37] Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.[38] *Farmer* lays out both an objective prong, and a subjective prong.[39] The objective prong requires plaintiffs to demonstrate that "the deprivation alleged [was],

---

[35] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985).
[36] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).
[37] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).
[38] *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).
[39] *Id.* at 837.

objectively, 'sufficiently serious.'"[40] Second, under *Farmer's* "subjective" prong, plaintiffs must show that prison officials acted with a "sufficiently culpable state of mind."[41] The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[42]

    Reading the complaint in the light most favorable to Plaintiff, he has stated sufficient facts to state a claim for deliberate indifference. Specifically, Plaintiff alleges he informed Defendant that he suffers from epilepsy and that "placing him on 4-pt without continuous observation places his life at substantial risk of serious harm."[43] According to Plaintiff, Defendant responded "that was [Plaintiff's] problem maybe next time you'll think about that before you throw something."[44] Assuming the truth of these allegations, Defendant wholly disregarded any risk four-point restraints may pose to Plaintiff due to his epilepsy and did not consult any medical professional to determine if it was appropriate to place Plaintiff in four-point restraints considering his condition.[45] The pleadings, read in the light most favorable to Plaintiff, also indicate that Defendants may have had the requisite *mens rea* for deliberate indifference as Plaintiff advised him that he suffered from epilepsy and that placing him in restraints posed a risk of serious harm.[46] Thus, on the pleadings Plaintiff has stated a claim for deliberate medical indifference.[47]

---

[40] *Id.* at 834, *quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991).
[41] *Id.*
[42] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle*, 429 U.S. at 106.
[43] R. Doc. 1, p. 6.
[44] R. Doc. 1, p. 6.
[45] *Compare Martin v. Seal*, 510 Fed.Appx. 309 (5th Cir. 2013) (rejecting deliberate indifference claim where chemical spray was utilized against an asthmatic inmate, but the officer sought prior medical approval). Though Plaintiff admits he was examined by medical personnel, this did not occur until five to six hours after Plaintiff was placed in four-point restraints, and Defendant, based on the allegations of the Complaint, did not seek medical guidance before placing Plaintiff in four-point restraints. R. Doc. 1, p. 6. Though, ultimately, the provision of medical care later may negate any claim for deliberate indifference, it is inappropriate to make that determination on screening.
[46] *See Gobert v. Caldwell*, 463 F.3d 339, 348 (5th Cir. 2006); *Farmer*, 511 U.S. at 837.
[47] At this juncture, Plaintiff has not alleged that he sustained any injury from being placed in four-point restraints. Although some courts have found injury is required to state a claim for an Eighth Amendment violation such as the

7

### F. Plaintiff Has Failed to State a Conditions of Confinement Claim at this Point

To the extent Plaintiff complains that he was forced to lie in his bodily waste, Plaintiff's claim sounds in deliberate indifference with respect to his conditions of confinement. The conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits the unnecessary and wanton infliction of pain.[48] To prevail on a conditions of confinement claim also requires an objective and subjective showing.[49] The relevant official must deny "the minimal civilized measure of life's necessities" and expose him "to a substantial risk of serious harm"[50] that is "objectively serious."[51] Second, the prisoner must show "that the official possessed a subjectively culpable state of mind in that he exhibited deliberate indifference" to the risk of harm.[52] As with deliberate indifference to a serious medical need, the "an extremely high standard to meet."[53] "A prison official displays deliberate indifference only if he (1) knows that inmates face a substantial risk of serious bodily harm and (2) disregards that risk by failing to take reasonable measures to abate it."[54] This is a fact-intensive inquiry "subject to demonstration in the usual ways, including inference from circumstantial evidence."[55]

---

one presented here (*see, e.g., Ortego v. Cain, et al.*, No. 15-1197, 2015 WL 4134645 (W.D. La. July 8, 2015) (holding that an inmate had not shown deliberate indifference to serious medical needs because he did not actually suffer an injury) and have dismissed cases on this basis pursuant to 28 U.S.C. §§ 1915 and 1915A, both the Supreme Court and Fifth Circuit have found that only risk of harm, rather than actual harm is required to state a claim. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Alex v. Stalder*, 225 Fed.Appx. 313, 313-14 (5th Cir. 2007) (indicating injury is not required for an Eighth Amendment violation, as nominal and punitive damages may be recovered despite lack of physical injury); *Hutchins v. McDaniels*, 512 F.3d 193, 197 (5th Cir. 2007) (citing *Whitman v. Washington*, 113 Fed.Appx. 605, 606 (5th Cir. 2004 ("noting that, although prisoner could not recover actual damages, he might still be able to recover nominal damages for an Eight [sic] Amendment claim.").

[48] *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).
[49] *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019).
[50] *Id.* (quotation marks omitted).
[51] *Id.*
[52] *Id.* (citations and quotation marks omitted).
[53] *Id. quoting Domino*, 239 F.3d at 756.
[54] *Id.* (quotation marks omitted).
[55] *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004).

8

The Eighth Amendment "does not mandate comfortable prisons, but neither does it permit inhumane ones."[56] At a minimum, prison officials "must provide humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical care."[57] They cannot deprive prisoners of the "basic elements of hygiene" or the minimal civilized measure of life's necessities."[58] "[F]ilthy, unsanitary" cells can violate the Eighth Amendment.[59] Eighth amendment violations have been found in circumstances where inmates were required to sleep in "filthy water contaminated with human waste" for a ten month period[60] and when prisoners were forced to live in cells covered with "crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles."[61] However, a dirty cell does not automatically violate the constitution.[62]

There is not enough information at this time to determine whether the conditions to which Plaintiff was subjected constituted an Eighth Amendment violation because Plaintiff has failed to name a defendant who is responsible for leaving Plaintiff to lie in his own waste. The sole Defendant named, Nicholas Sanders, is not named as the official who refused to allow Plaintiff out of restraints to use the toilet or left him in his waste.[63] Rather, Plaintiff states that "security" would not allow him out of his restraints and that "rank" never came to his cell to allow him out.[64] Plaintiff also fails to identify any particular officer who refused to allow Plaintiff out of restraints to use the restroom. Because the Complaint does not state a claim against the sole named

---

[56] *Farmer*, 511 U.S. at 832 (internal quotation marks and citations omitted).
[57] *Id.*
[58] *Palmer v. Johnson*, 193 F.3d 346, 352-53 (5th Cir. 1999) (quotation marks omitted).
[59] *Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999).
[60] *McCord v. Maggio*, 927 F.2d 844, 848 (5th Cir. 1999).
[61] *Gates*, 376 F.3d at 338.
[62] *Compare Davis v. Scott*, 157 F.3d 1003 (5th Cir. 1998) (wherein the Fifth Circuit determined there was no Eighth Amendment violation when a prisoner was held in a cell smattered with blood and excrement for three days because the prisoner was given a chance to clean the cell).
[63] R. Doc. 1, p. 6.
[64] R. Doc. 1, p. 6.

9

Defendant on the conditions of confinement claim, this claim must fail.[65] Plaintiff should be given leave to amend, however, to name any individual who is responsible for leaving him to lie in his own waste.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's claims for failure to follow department regulations and for monetary damages in Sanders's official capacity be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's conditions of confinement claim related to allegations that he was not permitted to use the restroom and was forced to lie in his own waste while in four-point restraints be **DISMISSED WITHOUT PREJUDICE**, subject to Plaintiff's right to file an amended complaint to name the individual(s) involved in this claim. If Plaintiff fails to timely file an amended complaint, the dismissal of this claim should be **WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, should this Report and Recommendation be adopted, Plaintiff's Motion for Service[66] be **GRANTED**. An order regarding service will be issued separately.

---

[65] Even if the proper Defendants are ultimately named, Plaintiff's claims may still fail under the facts presented, as other courts have found, under similar facts, that "[t]here is no constitutional requirement that inmates … who are restrained for institutional safety and security reasons, be unrestrained during meals, or when inmates urinate or defecate." *See Kates v. Micieli*, Civil Action No. 09-1447, 2011 WL 744549 at *5 (W.D. La. Feb. 7, 2011). One element of this type of conditions of confinement claim is, however, temporal. *See Hutto v. Finney*, 437 U.S. 678 (1978) ("[a] filthy, overcrowded cell and a diet of 'gruel' might be tolerable for a few days and intolerable cruel for weeks or months"). *See also Palmer*, 193 F.3d at 353 (the length of time is one factor to consider in the "totality of the specific circumstances").
[66] R. Doc. 5.

10

**IT IS FURTHER RECOMMENDED** that this matter be referred to the magistrate judge for further proceedings on Plaintiff's remaining claims, *i.e.* Plaintiff's claim for excessive force and deliberate indifference to his serious medical needs (and, possibly conditions of confinement).

Signed in Baton Rouge, Louisiana, on July 23, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

11